D. L. FAIR LUMBER CO. *v.* DEWEY.

1. GUARANTY—CONSTRUCTION OF TELEGRAPHIC MESSAGES.
   Where a wholesale lumber dealer wired a broker that the rating of a certain customer, to whom two car loads of lumber had already been shipped, was not sufficient for further credit and suggesting that an order for another car load be placed elsewhere unless the broker would "guarantee account," and the broker wired back to ship the car load, saying, "we will guarantee payment," the guaranty had reference to payment for the last car load only and not to the account already on the dealer's books.

2. CONTRACTS — GUARANTY — CONSTRUCTION OF TELEGRAPHIC MESSAGES FOR THE COURT.
   Where the rights and obligations of the parties are dependent upon the construction to be given to the language in telegraphic messages between them, there is no question of fact to submit to the jury.

Error to Mecosta; Barton (Joseph), J.    Submitted

---

[1]Guaranty, 28 C. J. § 98; [2]Id., 28 C. J. § 204.

January 11, 1928.    (Docket No. 141.)    Decided February 14, 1928.

Assumpsit by the D. L. Fair Lumber Company against Harry Dewey, doing business as the Northland Lumber Company, on its guaranty for lumber sold by it on commission. Judgment for plaintiff for less than amount claimed. It brings error. Affirmed.

*Harold H. Smedley (Penny & Worcester, of counsel),* for appellant.

*Arthur J. Butler,* for appellee.

SHARPE, J. The defendant, engaged in selling lumber on commission at Big Rapids, in this State, sent plaintiff, a wholesale lumber company, located at Louisville, Mississippi, two orders, each for a car load, to be shipped to the Michigan Box Company at Muskegon. Shipment was made pursuant thereto. On May 21, 1926, and before payment had been made on these shipments, defendant sent plaintiff another order for a car load shipment to the same party. On its receipt, plaintiff wired defendant:

"Reference Michigan Box Company their rating not satisfactory for further credit. Prefer you place elsewhere unless you guarantee account. Advise."

On the next day defendant in reply wired plaintiff: "Ship car Michigan Box we will guarantee payment." The box company failed to make payment for any of the lumber shipped, and plaintiff in this action seeks to recover the amount due it for the three car loads. It claims that the two telegrams constitute a guaranty of payment of its entire claim against the box company. The trial court limited the guaranty to the last car shipped. He deducted certain commissions admittedly due the defendant, and directed a verdict in plaintiff's favor for the difference, $268.82. Plain-

tiff seeks review of the judgment entered by writ of error.

Plaintiff had shipped the two car loads relying on the ability of the box company to pay. When a third was ordered, it did not feel that the box company's rating justified "further credit." Its message so advised defendant. Defendant had assumed no obligation as to the two car loads. It expressed its willingness to do so as to the third car load, and said, "We will guarantee payment." Plaintiff insists that the word "payment" must be coupled up with the word "account" in its message. We cannot so conclude. It clearly did not refer to an account on plaintiff's books against the box company because the third car load had not then been charged thereon. It seems clear to us that defendant had a right to assume from the language of the telegram that plaintiff would not ship the third car load unless defendant guaranteed that the box company would pay therefor, and that defendant's obligation was limited thereto. As the rights and obligations of the parties were dependent upon the construction to be given to the language contained in the messages, there was no question of fact to submit to the jury.

The judgment is affirmed.

North, Fellows, Wiest, Clark, and McDonald, JJ., concurred. Flannigan, C. J., did not sit.

The late Justice Bird took no part in this decision.